**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CARLOS AVILA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-00326 (FLW) |
| | : | |
| v. | : | |
| | : | |
| ARAMARK CORPORATION, | : | **OPINION** |
| | : | |
| Defendant. | : | |

**WOLFSON, United States District Judge:**

Presently before the Court is a motion filed by ARAMARK Sports, LLC[1] ("Defendant" or "ARAMARK") to dismiss all claims brought by Carlos Avila ("Plaintiff") pursuant to Fed.R.Civ.P. 12(b)(6), based upon Plaintiff's failure to meet the one-year statute of limitations under the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et seq.*   Plaintiff filed his Complaint on September 3, 2009, one day past the statutory deadline, alleging that his termination constituted retaliatory discharge under CEPA.  Plaintiff concedes that the Complaint was not timely filed, but argues that his claim should not be time-barred because he substantially complied with the statute of limitations.  Because Plaintiff's defense involves questions of fact,

---

[1]      In the Notice of Removal, Defendant notes that "ARAMARK Sports, LLC" was incorrectly named in the Complaint as "ARAMARK Corporation" (Notice of Removal at 1).

which can be resolved only by scrutiny of documents outside of the pleadings, the Court has converted the instant motion into one for summary judgment and, accordingly, has provided the parties with adequate notice of the conversion and opportunity to present additional materials to the Court.  See Fed.R.Civ.P. 12(d); see also Clay v. Department of Army, 239 Fed.Appx. 705, 706 (3d Cir. 2007) ("When a motion to dismiss is converted into a motion for summary judgment, the parties must be given notice of the conversion and an opportunity to present material to the court.").  For the reasons set forth below, summary judgment is GRANTED and Plaintiff's Complaint is dismissed in its entirety.

**I. Factual Background and Procedural History**

Plaintiff filed a one-count Complaint in New Jersey Superior Court, Monmouth County, on September 3, 2009, seeking compensatory and punitive damages, as well as damages for economic loss and physical and emotional injury.   Complaint at ¶¶ 38(a)-(f).  The case was subsequently removed to this Court on January 20, 2010.  In short, Plaintiff alleges that he was terminated in retaliation for complaints about, or refusal to be a party to, the Defendant's illegal actions in violation of CEPA.  Plaintiff began his employment with ARAMARK in October 1991, as the Food and Beverage Manager at the Meadowlands in East Rutherford, NJ.   Id. at ¶¶ 3-4.   During the course of his employment, Plaintiff received six promotions and ultimately served as the General Manager of Food Services for Monmouth Park Race Track from 2003 until his termination in September 2008.   Id. at ¶ 6.  Plaintiff alleges that a series of incidents between Plaintiff and his superiors, involving Defendant's illegal actions, form the basis for his retaliatory termination.

First, Plaintiff alleges that in October 2007 he noticed that expenses and profit estimates for an upcoming event at the Racetrack had been purposely altered.  Id. at ¶ 7.  Plaintiff expressed concern over these alterations to his superiors who allegedly failed to remedy the incorrect figures.  Id. at ¶ 8.  Next Plaintiff alleges that in October of 2007 he witnessed a Mr. Westbrook, Vice President of ARAMARK, placing a case of Grey Goose vodka into a garbage bag and then leaving the office with it.  Id. at ¶ 10.   Plaintiff reported the incident to his superior Bill Lohr after which the vodka was returned by Mr. Westbrook who later allegedly admitted to Plaintiff that he knew that transporting alcohol across state lines was against New Jersey law.  Id. at ¶¶ 11-13.  Lastly, Plaintiff alleges that he repeatedly expressed concern to ARAMARK about patrons of the Monmouth Park Racetrack being allowed to bring alcohol into the racetrack.  Id. at ¶¶ 15-16.  Plaintiff alleges that he complained throughout June 2008 about this policy and was notified on July 16, 2008 that he was suspended pending an internal investigation.  Id. at ¶ 19, ¶ 21.

Plaintiff alleges that after he was suspended, he attempted to contact Mr. Lohr regarding his employment status throughout August 2008 and received no information on the matter until September 2, 2008 when, ultimately, he was summoned to Giants Stadium and fired.  Id. at ¶¶ 24-25.  Plaintiff alleges that he told Mr. Lohr and Ms. Abigail Charpantielle, Vice President of Human Resources at ARAMARK, that he believed he was being fired in retaliation for reporting that ARAMARK was altering financial documents.  Id. at ¶ 26.   Plaintiff further alleges that he attempted to access money from his retirement plan through ARAMARK in late September

2008, but was unable to do so until October 25, 2008 and was informed that this was due to his continued employment status[2].   Id. at ¶¶ 27-28.

Defendant now moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Complaint on the grounds that it was filed outside the one-year statutory filing deadline. In opposition to the instant motion and in support of the application of the doctrine of substantial compliance, Plaintiff submits the declaration of Madeline Kolbe-Saltzman ("Kolbe-Saltzman"), a paralegal for Plaintiff's counsel, who states that on September 1, 2009, she sent the Complaint for overnight delivery to the Monmouth County Courthouse.  Kolbe-Saltzman claims that on September 1, 2009, she went online to fedex.com to complete the shipping information for the package that would contain the Complaint and indicated that it needed to be shipped by overnight delivery.  Kolbe-Saltzman Decl., ¶ 3; See also Exhibit A to Kolbe-Saltzman Decl. Then, at approximately 5:30 p.m. Kolbe-Saltzman brought the Complaint to the FedEx store near counsel's office and was assured by a FedEx store employee that the package would be delivered on September 2, 2009, which was the filing deadline for Plaintiff's Complaint.   Supplemental Kolbe-Saltzman Decl., ¶ 3.   It wasn't until two weeks later, when  Kolbe-Saltzman received a stamped copy from the court, that she realized the Complaint had been filed on September 3, 2009, rather than September 2.  Id. at ¶ 4.  It was at that point, that Kolbe-Saltzman attempted to track the delivery of the Complaint through the tracking number provided to her by FedEx.  Id. at ¶ 7.   FedEx was unable to provide tracking information for the package, nor did it offer an

---

[2]  An employee's cause of action under CEPA "accrues on the date of actual discharge" which is the last day the employee is paid a regular salary or wage.  Alderiso v. Medical Center of Ocean County, Inc., 167 N.J. 191, 194 (2001).  Despite Plaintiff's allegations regarding his "continued employment status" in October 2008, Plaintiff does not dispute that he was terminated on September 2, 2008, and that the statute of limitations began to run on his CEPA claim on that date.

explanation as to why the package had not been delivered on September 2.  Id. at ¶¶ 6-9; See also Exhibit B to Kolbe-Saltzman Decl.

## II. Standard of Review

Generally, when ruling on a motion to dismiss, a court may not consider matters outside the pleadings.  As previously noted, because Plaintiff has opposed the motion to dismiss with the declarations from paralegal Kolbe-Saltzman, containing multiple factual allegations, this Court has converted the motion to one for summary judgment pursuant to Fed.R.Civ.P. 56.

Summary judgment is appropriate where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c).  In reviewing a motion for summary judgment the facts, and all inferences drawn from them, should be viewed in the light most favorable to the non-moving party and the burden for establishing that no genuine issue exists is on the party moving for summary judgment.  Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).   To overcome a motion for summary judgment, the non-moving party cannot rely on "mere allegations or denials" but must provide "specific facts showing that there is a genuine issue for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (internal quotations omitted).  A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law."  Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir.2006); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).  Where the

non-moving party fails to make a sufficient showing of an element essential to the case on which she bears the burden of proof, the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323.

## III. Discussion

The Conscientious Employee Protection Act was enacted to protect employees from retaliatory action by their employers.  N.J.S.A. 34:19-1; Alderiso, 167 N.J. at 197.  Under CEPA "an aggrieved employee or former employee may, within one year, institute a civil action in a court of competent jurisdiction."  N.J.S.A. 34:19-5.  The parties to the instant action agree that Plaintiff has failed to meet CEPA's one-year statute of limitations, missing the filing deadline by one day.  Plaintiff nevertheless argues that his claim should not be time-barred under the doctrine of substantial compliance.

The doctrine of substantial compliance is an equitable doctrine designed "to avoid technical defeats of valid claims."  Palanque v. Lambert-Woolley, 168 N.J. 398, 405 (2001) (Zamel v. Port of New York Auth., 56 N.J. 1, 6 (1970)).  Substantial compliance is a doctrine "based on justice and fairness" with a purpose "to avoid the harsh consequences that flow from technically inadequate actions that nonetheless meet a statute's underlying purpose, " however not every non-complying technical act is "salvageable" by substantial compliance.  Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 352, 353 (2001); Anske v. Borough of Palisades Park, 139 N.J.Super. 342, 347 (App.Div.1976); Zamel, 56 N.J. at 6.   It was established in Bernstein v. Board of Trustees of the Teachers' Pension and Annuity Fund, 151 N.J.Super. 71 (App.Div.1977)  that in order to overcome a technical error, a non-complying party must show

(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim, and (5) a reasonable explanation why there was not a strict compliance with the statute.  See also Galik, 167 N.J. at 353;  Fahey v. Hollywood Bicycle Center, Inc., No. 09-2147, 2010 WL 2676393 (3d Cir. Jul. 7, 2010).  Satisfaction of these five elements serves to guarantee that the underlying purpose of the statute is served and that no undue prejudice is suffered by the complying party.  Galik, 167 N.J. at 354.  Thus, in a case where the statute of limitations has not been met, a showing of the five factors is necessary in order to establish substantial compliance.

Plaintiff argues that by trusting the Complaint with a known delivery company for overnight delivery he took the necessary steps to comply with the statute of limitations, and that such steps constitute substantial compliance.  Plaintiff further notes that the Defendant had notice of Plaintiff's claims as early as May 2009, when Plaintiff sent a demand letter for settlement purposes to the Defendant.  Therefore, Plaintiff argues that the Defendant has not been prejudiced by the Complaint being filed one day after the statute of limitations expired.  Plaintiff's Opposition, page 7 ¶ 2; Plaintiff's Opposition (citing MacDonald v. Giovine, No. L-2874-04, 2006 WL 1549763 (N.J. Super. App. Div. June 8, 2006); Negron v. Llarena, 156 N.J. 296 (1998); Stegmeier v. St. Elizabeth Hosp., 239 N.J.Super. 475 (App. Div. 1990)).

Defendant counters that Plaintiff has failed to meet the "quantum of diligence" necessary to satisfy the requirements of the substantial compliance doctrine.  Defendant points to the fact that Plaintiff waited until the eve of the filing deadline to mail the Complaint and did not follow

up on the Complaint's delivery until counsel realized two weeks after it was mailed that it had

not been timely filed.  Suppl. Decl. of Kolbe-Saltzman, ¶¶ 3-7.  While Defendant concedes that it

had knowledge of the claims by virtue of the settlement negotiations that took place between the

parties in May of 2009, Defendant nonetheless argues that "Plaintiff waited until the last minute

to mail the Complaint . . . and failed to take even the minimal step of checking FedEx's online

tracking system, or calling for shipping verification, or calling the Clerk of the Court" to verify

timely delivery of the Complaint.  Defendant's Reply, page 8.   Defendant argues that Plaintiff

has failed to demonstrate the necessary diligence and does not provide a reasonable explanation

for his untimely filing in order for substantial compliance to be applicable.  See Defendant's

Reply (citing Dorn v. New Linden Price Rite, No. L-775-02, 2005 WL 2470104, *3 (N.J.Super.

App. Div. Oct. 7, 2005); Bramson v. Sulayman, No. 04-cv-5196, 2007 WL 203938, *8 (D.N.J.

Jan. 23, 2007); Leake v. Bullock, 104 N.J.Super. 309, 313 (App. Div. 1969); Chatman v.

Fennelly, No. L-293-06, 2007 WL 3130594, *1 (N.J. Super. App. Div. Oct. 29, 2007).

    Defendant does not dispute that it was on notice of Plaintiff's claim, nor does it identify

any prejudice that would result from application of the substantial compliance doctrine.  Rather,

Defendant argues that Plaintiff has failed to show the remaining three Bernstein factors.

Specifically, that Plaintiff has not shown a  "series of steps" taken to comply with the statute, a

"general compliance" with the purpose of the statute, and a "reasonable explanation" as to why

the statute of limitations was not met.

    As Defendant points out, New Jersey courts have routinely emphasized the need for

litigants to monitor the filing of their complaints in order to overcome a technical defeat of their

claims.  These cases control the instant matter.  In Leake v. Bullock, supra, the appellate court upheld the dismissal of a complaint which had been filed one day after the statute of limitations had expired.  The plaintiff in Leake mailed the complaint four days prior to the expiration of the statue of limitations and did not follow up with the court clerk to determine whether the complaint had been received and filed.  Leake, 104 N.J.Super. at 313.  The court found that "reasonable diligence" would have required the plaintiff to "ascertain whether the complaint had been received."  Id.  Because the plaintiff in Leake made no attempt to follow up on the filing, the "risk of delay in the mail" was borne by the plaintiff.  Id.

The New Jersey Appellate Division applied the same reasoning in a later case, Cwiklinski v. Burton, 217 N.J.Super. 506 (App. Div. 1987), where the plaintiff also failed to follow up on the delivery and filing of the complaint.  In Cwiklinski, plaintiff's counsel realized that there had been no confirmation from the county clerk's office on the filing of the complaint after five weeks had elapsed from the date the complaint was supposedly mailed. By this time the two year statute of limitations had run.  The court upheld the trial court's grant of summary judgment and noted that "even if the plaintiffs were accorded the benefit of the presumption of delivery, plaintiffs could not continue to rely upon it for more than five weeks between the time the complaint was allegedly mailed and the running of the statute of limitations."  Cwiklinski, 217 N.J.Super. at 511.  Once several weeks had elapsed and there was no confirmation that the complaint had been filed "it was incumbent upon" the plaintiff to "ascertain if the complaint had reached its destination."  Id. at 512.

9

A result similar to that in <u>Cwiklinski</u> was reached in <u>Luiz v. Sanjuro</u>, 335 N.J.Super. 279, (App. Div. 2000).  In <u>Luiz</u> the court found no basis to apply equitable relief where the plaintiff's complaint had either been lost in the mail or misplaced by the clerk and was not filed prior to the expiration of the statute of limitations.  <u>Luiz</u>, 335 N.J.Super. at 281.  The trial court in <u>Luiz</u> found that even if the complaint had been properly addressed and the plaintiff was afforded the presumption of delivery, the "attorney could not continue to rely upon it for more than the time period between the date the complaint was mailed and the date the statute of limitations expired."  <u>Id.</u> at 281.  Almost identical to the facts in <u>Cwiklinski</u>, several weeks had elapsed between the time the complaint was sent and the expiration of the statute of limitations. The Appellate Division agreed with the trial court's finding, noting that "an attorney owes a duty to monitor whether a mailed document has actually been received and filed," adding that such monitoring "is an easy task, particularly in the age of computers."  <u>Id.</u> at 282.

Similarly, in <u>Chatman v. Fennelly</u>, <u>supra</u>, the court found a duty to monitor where the plaintiff's complaint was filed two weeks after the statute of limitations had expired.  In <u>Chatman</u> the statute of limitations was set to expire on January 9, 2006, but the complaint was not filed until January 23, 2006.  An employee of plaintiff's counsel certified that she had mailed the complaint on December 23, 2005, sixteen days prior to the statutory filing deadline, and plaintiff argued that the "equitable concerns weighed in his favor since defendant could show no prejudice occasioned by the fact that the pleading was filed two weeks after the statutory period passed."  <u>Chatman</u>, 2007 WL 3130594 at * 1.  The court disagreed, citing to <u>Cwilinski</u> and <u>Luiz</u>, and found that the plaintiff's attorney should not have relied upon a presumption of delivery and owed a duty to monitor the receipt and filing of the complaint

"where the statute was about to expire in less than three weeks".  Id.  The court found that in such circumstances it was "incumbent upon counsel to assure himself that the pleadings had been appropriately filed."  Id.; Cwilinksi, 217 N.J.Super. at 511-512.

Lastly, in Dorn v. New Linden Price Rite, supra, the Appellate Division found that there had been no substantial compliance where defendant's motion for a new trial was filed one day late and there was no prejudice to the plaintiff due to lack of surprise. Counsel for the defendant argued that plaintiffs "should have expected" the motion because of defense counsel's "strenuous" objections during trial.  Dorn, 2005 WL 2470104 at *1.  The court rejected this argument, noting that New Jersey courts have "set a high standard" for litigants in demonstrating substantial compliance. Id. at *3.  The court found that defense counsel failed to demonstrate substantial compliance since "the only *Bernstein* factor relied on by defendant was the lack of prejudice to plaintiffs in view of the one-day delay and presumed lack of surprise." Id.  The court concluded that "this single factor does not justify application of the limited equitable doctrine of substantial compliance."  Id.

The reasoning applied in these cases is directly applicable to the instant matter.  Here, Plaintiff's counsel waited until the day before the filing deadline to send the Complaint for overnight delivery.  It was not until two weeks later, when the stamped-filed copy was returned by the court to Plaintiff's counsel, that counsel realized that the Complaint had not been timely filed.   No attempts were made to track the delivery of the Complaint, either through online tracking or by contacting FedEx directly,  nor was any call made to the Monmouth County Courthouse to confirm its receipt.  This failure to monitor the receipt of the Complaint cannot

be excused under the doctrine of substantial compliance.  The New Jersey Appellate Division has held that counsel owes a duty to monitor the receipt of a complaint, particularly where the statute of limitations is set to expire in a matter of weeks.  See Cwilinksi, 217 N.J.Super. at 511-512; Chatman, 2007 WL 3130594 *1.   Here, the statute of limitations was set to expire within twenty-four hours of the time that the Complaint was mailed. Such a short time span between the time of mailing and the filing deadline would surely mandate that counsel attempt to track and confirm the Complaint's delivery when New Jersey Courts have required counsel to follow the same steps when a complaint has been filed weeks in advance of the statutory deadline.  Here, Plaintiff was required to exercise a reasonable level of diligence by attempting to track and confirm the Complaint's delivery over those twenty-four hours, but Plaintiff failed to take even these minimal steps.

Ms. Kolbe-Saltzman's contention that the tracking number did not work is of no relevance here where no attempt was even made to monitor the delivery of the Complaint until after the deadline had passed.  Indeed, Ms. Kolbe-Saltzman did not attempt to track the delivery until two weeks after the Complaint was sent, therefore it is unclear whether the tracking number would have worked on September 2, 2009 had she attempted to use it.  Id.  Even assuming the tracking number did not work on September 2, had Plaintiff's counsel attempted to use the tracking number, and found that it did not work, counsel could have then tried to confirm delivery by either contacting FedEx or, more conclusively, the court to ensure the Complaint was filed.  A defective tracking number is no excuse for Plaintiff's failure to monitor timely delivery, without Plaintiff having taken additional steps to confirm the Complaint's delivery. Plaintiff could have easily remedied the failed delivery on September 2 by hand-

delivering the Complaint to Monmouth County Courthouse if Counsel had taken the time to check the status of the Complaint's delivery.

Plaintiff's argument for application of the doctrine of substantial compliance is made even weaker by the recent decision from the New Jersey Appellate Division in Khalil v. Costa, 2010 WL 2346397 (App.Div. June 11, 2010). In Khalil, the plaintiff was represented by counsel after he was involved in a car accident on May 13, 2006. Khalil, 2010 WL 2346397 at * 1. For reasons that are unclear, correspondence between plaintiff and counsel referred to the accident as having taken place on June 13, 2006, even though the accident occurred on May 13. Id. In 2007, the plaintiff's initial counsel passed away and the plaintiff retained new counsel who filed a complaint for injuries resulting from the plaintiff's accident on May 16, 2008. Id. The statute of limitations for a personal injury action is two years from the date the accident accrued. The defendants in Khalil moved to dismiss the complaint as it was filed three days past the two-year statute of limitations. Id. The trial court granted the defendants' motion and the Appellate Division upheld the dismissal. Id. The court recognized that the error which prompted the late filing was caused by plaintiff's prior counsel but found that the defendants were nevertheless "entitled to the benefit of the statute." Id. at *3. In Khalil the Appellate Division declined to find that equitable considerations should outweigh the technical defeat of the plaintiff's claim even where plaintiff's prior counsel had made the error and prior counsel had passed away. The decision in Khalil illustrates the high standard that New Jersey courts have set for litigants seeking equitable relief for the technical defeats of claims, which is a standard that the Plaintiff in the instant case has failed to meet.

Plaintiff's failure to monitor the delivery of the Complaint distinguishes this case from those relied upon by the Plaintiff in which the doctrine of substantial compliance has been applied.  In MacDonald, supra, the plaintiff's complaint was filed one day past the statute of limitations filing deadline.  MacDonald 2006 WL 1549763 at * 1.   Plaintiff's counsel in MacDonald had sent the complaint on November 3, 2004 by overnight delivery using DHL delivery service.  Id.  Plaintiff's counsel certified that the complaint was placed in the DHL overnight drop box with "specific and explicit" instructions that it be delivered on November 4, 2004, which was corroborated by the DHL tracking results that had been checked by plaintiff's counsel.  Id.  On November 4 plaintiff's counsel confirmed with DHL that the package would be delivered that day, however the package was not picked up and delivered until November 5, 2004 for reasons that were unknown.  Id.  On March 7, 2005 a DHL customer service representative sent a letter to plaintiff's counsel acknowledging and apologizing for DHL's shipping error and mishandling of the plaintiff's package.  The Court in MacDonald found substantial compliance, noting that there was no undue prejudice to the defendant and that the delay was not due to any fault or lack of attentiveness on the part of the Plaintiff.  Id. at *4-5.

Plaintiff argues that given MacDonald's "virtually identical facts" the substantial compliance doctrine should also be applied to the instant action.  However, unlike the present facts, counsel in MacDonald took a series of steps to ensure the timely delivery of the complaint beyond mailing it overnight.  There, the complaint was mailed overnight and then subsequently tracked online by plaintiff's counsel. Its delivery time was also confirmed via telephone by plaintiff's counsel.  Furthermore, counsel produced a letter from DHL taking responsibility for the shipping error.  While the filing delay may be the same as that in the instant case, counsel in

14

MacDonald satisfied its duty to monitor by taking a series of steps to confirm the timely delivery of the complaint.  No such series of steps were taken by Plaintiff's counsel in this case.

The instant case is also distinguishable from the other cases relied upon by Plaintiff.  In Stegmeier, supra, for instance, the court found that the defendant had substantially complied with the time requirements for filing a motion for a new trial.  Stegmeier, 239 N.J.Super. at 481. The defendant's motion for a new trial was "filed on the tenth and last day allowed by R. 4:49-1(b) for service of the motion" and a copy of the motion was placed with a delivery service on that day and delivered to the plaintiff's counsel four days later. The court found that these facts established substantial compliance since under R. 1:54(b) posting a copy of the motion in the mail on that day would have constituted effective service.  Id. at 482.

In Stegmeier the defendant met the filing deadline and placed the motion in the hands of a delivery service on the same day, fulfilling the requirements of both R. 4:49-1(b) and R. 1:54(b).  In the instant case, there was no timely filing and therefore no fulfillment of the requirements of CEPA.  Furthermore, the circumstances in Stegmeier are not directly analogous to those in the present case as Stegmeier primarily concerned service of a motion for a new trial and not the filing of a complaint.  In fact,  the Stegmeier court stated in a footnote that a "different rule applies for filing, which is effective only on receipt" and cited to Leake v. Bullock, supra, where the court upheld the dismissal of a complaint which was filed one day after the statute of limitations had run.

The instant case is also distinguishable from Negron, supra, where the New Jersey Supreme Court found that the plaintiff had substantially complied with the statute of limitations

for New Jersey's Wrongful Death Act.  In <u>Negron</u> the decedent's wife, a New York resident, brought a wrongful death action in federal district court in New York against the defendant New Jersey hospital under diversity jurisdiction.  <u>Negron</u>, 156 N.J. at 298.  The case was subsequently transferred to the District of New Jersey after which the plaintiff joined two additional defendants who were also New Jersey residents. The action was dismissed for lack of diversity jurisdiction.  <u>Id.</u>  Following dismissal the plaintiff filed a complaint in New Jersey state court where the defendants were granted summary judgment due to the fact that the state court complaint had been filed after the two-year statute of limitations for wrongful death actions had run.  <u>Id.</u> at 299.

The New Jersey Supreme Court applied the five <u>Bernstein</u>, <u>supra</u>, factors and found that the plaintiff had substantially complied with the filing requirements of the Wrongful Death Act. <u>Id.</u> at 305.  First, the Court found that Negron's failure to file her complaint in New Jersey state court within the two-year statutory period did not prejudice the defendants because "the filing came immediately following dismissal in federal court" and the defendant "was already prepared for the lawsuit."   <u>Id.</u>   Second, the Court found that Negron "clearly took a 'series of steps' to comply with the statute of limitations in that she filed her complaint within the appropriate time frame and then filed her state complaint immediately after".  <u>Id.</u>   Next, the Court found that Negron filed "both of her complaints diligently" and "generally complied with the purpose of the statute of limitations."  <u>Id.</u>   The Court found that the federal complaint and subsequent discovery process "adequately notified the defendant of Negron's claim."  <u>Id.</u> Lastly, the Court considered Negron's explanation for her failure to comply with the statute of limitations, namely having brought the suit in New York originally, and found that it was

reasonable given the law's lack of clarity in the context of wrongful death cases and the application of diversity jurisdiction under 28 U.S.C. § 1332(c)(2).   Id. at 306-307.

In Negron the plaintiff timely filed her original complaint and exercised due diligence through a "series of steps" in filing her second complaint after it was dismissed from federal court.  The Plaintiff in this case has failed to demonstrate that a series of steps were taken or to show that he exercised due diligence to ensure that his complaint was timely filed. Furthermore, Plaintiff in this case has not provided a reasonable explanation as to why he failed to comply with the statute of limitations.  In Negron the New Jersey Supreme Court found that it was reasonable for the plaintiff to have originally filed her complaint in New York given the lack of clarity in the law concerning diversity jurisdiction and wrongful death claims.  Here no such lack of clarity exists.  Plaintiff's contention that FedEx mishandled the package containing the Complaint does not in itself create a reasonable explanation for Plaintiff's noncompliance. Furthermore, any mistake on the part of FedEx does not excuse Plaintiff's failure to comply with the general purpose of the statute.  Had Plaintiff taken a series of steps to ensure that FedEx delivered the Complaint on time, similar to those taken in MacDonald, and had FedEx acknowledged a mishandling of the package such an explanation might be reasonable. However, Plaintiff cannot demonstrate substantial compliance by arguing that FedEx is responsible because of its mishandling without Plaintiff having exercised the reasonable due diligence required.  Given this, Plaintiff cannot satisfy the Bernstein factors requiring Plaintiff to show a series of steps taken, a general compliance with the purpose of the statute, and a reasonable explanation for his failure to meet the statute of limitations. Accordingly, Plaintiff

has failed to demonstrate substantial compliance, and therefore CEPA's statute of limitations cannot be relaxed to accommodate Plaintiff's untimely filing.

**IV. Conclusion**

For the foregoing reasons, Summary Judgment is GRANTED and Plaintiff's Complaint is dismissed in its entirety.

Dated: July 30, 2010

_____/s/ Freda L. Wolfson_____
FREDA L. WOLFSON, U.S.D.J.