NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
CARLOS AVILA,                          :   Civil Action No. 10-0326 (FLW)
:
               Plaintiff,         :
:
    vs.                                :
:   **OPINION**
ARAMARK CORPORATION,                   :
:
               Defendants.       :
_____:

**WOLFSON, United States District Judge:**

      Presently before the Court is a Motion for Reconsideration pursuant to L.Civ. R. 7.1(I) by Plaintiff Carlos Avila ("Plaintiff" or "Avila"). Specifically, Plaintiff asks this Court to reconsider its July 30, 2010 Order and Opinion granting summary judgment in favor of Aramark Corporation ("Defendant" or "Aramark") and dismissing Plaintiff's Complaint. In that decision, this Court held that Plaintiff's Complaint alleging retaliatory discharge under the Conscientious Employee Protection Act (" CEPA") was time-barred when it was filed one day past the statutory deadline and that Plaintiff failed to substantially comply with the statute of limitations. Plaintiff now argues that new facts previously unavailable warrant this Court's reconsideration and that the Court made an error of law such that reconsideration is necessary to prevent manifest injustice. For the reasons set forth below, Plaintiff's motion is denied.

I. BACKGROUND AND PROCEDURAL HISTORY

      This Court recounted the facts of this case in its summary judgment Opinion dated July

1

30, 2010 ("Opinion"), and thus, the Court will only briefly recite the relevant facts herein and incorporates the facts set forth in its earlier Opinion for the purpose of this motion.

Plaintiff began his employment with Aramark in October 1991 and received six promotions during the course of his employment, ultimately serving as the General Manager of Food Services for Monmouth Park Race Track from 2003 until his termination on September 2, 2008.  On September 3, 2009, Plaintiff filed a one-count Complaint in New Jersey Superior Court, Monmouth County, alleging that he was terminated in retaliation for complaints about Defendant's illegal actions in violation of CEPA and seeking compensatory and punitive damages as well as damages for economic loss and physical and emotional injury.  The case was subsequently removed to this Court on January 20, 2010, and, on February 11, 2010, Defendant filed a Motion to Dismiss.  Because Plaintiff's defense to the Motion to Dismiss involved questions of fact, this Court converted the Motion to Dismiss into a Motion for Summary Judgment and provided the parties with adequate notice of the conversion and opportunity to present additional materials.

In the underlying motion, Defendant alleged that Plaintiff's Complaint should be dismissed on the grounds that it was filed outside the one-year statutory filing deadline and that Plaintiff failed to substantially comply with the statute of limitations in violation of well-established Bernstein factors.  See Bernstein v. Board of Trustees of the Teachers' Pension and Annuity Fund, 151 N.J. super. 71 (App. Div. 1977).  This Court agreed.  Specifically, the Court held that Plaintiff failed to satisfy Bernstein  where: (1) Plaintiff's counsel waited until the day before the statute of limitiations tolled to send the Complaint to the state court via overnight delivery; (2) Plaintiff's counsel did not realize until two weeks later, when the stamped-filed

copy was returned by the court, that the Complaint had not been timely filed; and (3) that no efforts were made to track the delivery of the Complaint either by contacting FedEx or by calling the Monmouth County courthouse.  Indeed, this Court explained that the "New Jersey Appellate Division has held that counsel owes a duty to monitor the receipt of a complaint, particularly where the statute of limitations is set to expire in a matter of weeks.  Here, the statute of limitations was set to expire within twenty-four hours of the time that the Complaint was mailed. Such a short time span . . .would surely mandate that counsel attempt to track and confirm the Complaint's delivery."  Opinion at 12.

Moreover, although Plaintiff argued that the tracking number provided by FedEx was defective, the Court found that this argument was of no relevance and provided no excuse where counsel made no attempt to monitor the delivery of the Complaint until after the deadline had passed.  Indeed,  this Court noted that if Plaintiff's counsel had attempted to use the tracking number and found that it did not work, counsel could have then tried to confirm delivery by contacting FedEx or, more conclusively, by contacting the court to ensure that the Complaint was timely filed.  For these reasons, the Court granted Defendant's motion and dismissed Plaintiff's Complaint in its entirety.

Thereafter, on August 12, 2010, Plaintiff filed the instant Motion for Reconsideration pursuant to L. R. Civ. P. 7.1. Specifically, Plaintiff now argues that new facts previously unavailable to Plaintiff warrant this Court's reconsideration and that this Court made an error of law such by failing to give proper consideration to Alderiso v. Medical Center of Orange County, Inc., 167 N.J. 191 (2001), such that reconsideration is necessary to prevent manifest injustice.

II. DISCUSSION

A. <u>Reconsideration Standard</u>

Local Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked" within ten business days following the entry of the order or judgment on the original motion. L. Civ. R. 7.1(i); <u>see also</u> <u>Interfaith Cmty. Org. v. Honeywell Int'l, Inc.</u>, 215 F.Supp.2d 482, 507 n. 12 (D.N.J.2002). It is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through – rightly or wrongly." <u>Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.</u>, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rending its decision. <u>See</u> <u>Bermingham v. Sony Corp. Of Am., Inc.</u>, 820 F. Supp. 834, 856 (D.N.J. 1992), <u>aff'd</u>, 37 F.3d 1485 (3d Cir. 1994). Instead, Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." <u>Interfaith Cmty. Org.</u>, 215 F.Supp.2d at 507. Indeed, a timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir.1999). The Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. <u>Bowers v. Nat'l Collegiate Athletic Assoc.</u>, 130 F. Supp.2d 610, 613

(D.N.J.2001).

In the instant matter, Plaintiff contends that reconsideration pursuant to L.Civ. R. 1(i) is necessary both to consider new evidence and to correct an error of law. First, Plaintiff alleges that he has located new facts that were not previously available to the Court. These allegedly new facts amount to a conversation between Plaintiff's counsel and Les Bishop ("Bishop"), in-house counsel for FedEx, about this Court's decision. Specifically, Plaintiff contends that Bishop: (1) acknowledged that Plaintiff would have been unable to track the delivery package based on the defective tracking number provided to Plaintiff, Declaration of Michael DiChiara ("DiChiara Decl.") ¶¶ 5-8; and (2) that following an investigation, FedEx acknowledged "that the package should have been delivered on September 2, 2009. . .yet can offer no explanation as to the delivery error." Pl's Br. at 4. In addition, Plaintiff alleges that an email from Eli Vasquez, Court Services Supervisor, demonstrates that there was no way for the state court to confirm delivery except by checking the tracking number. Pl's Br. at 4. In light of this evidence, Plaintiff contends that this Court should grant Plaintiff's motion for reconsideration. The Court does not agree.

Initially, the Court finds that Plaintiff's "new" evidence concerning the tracking number is not, in fact, new. In the underlying motion Plaintiff asserted an identical argument concerning the defective tracking number. See Plaintiff's Opposition to Defendant's Motion to Dismiss at 3. Indeed, this Court addressed this exact issue in its Opinion noting that, "[a] defective tracking number is no excuse for Plaintiff's failure to monitor timely delivery, without Plaintiff having taken additional steps to confirm the Complaint's delivery." Opinion at 12-13. Thus, the fact that FedEx confirmed the defective shipping number is not new

evidence nor would it result in a different conclusion.

Moreover, Plaintiff's contention that FedEx allegedly admitted that it committed an error concerning the delivery of Plaintiff's Complaint is unavailing. Indeed, as this Court noted in its Opinion, it is counsel's burden to monitor the receipt of a complaint, particularly where the statute of limitations is set to expire in such a short time period. See Cwiklinski v. Burton, 217 N.J. Super. 506, 511-512 (App. Div. 1987). Here, Plaintiff sent the Complaint via overnight delivery the day before the statute of limitations on the CEPA claim was to expire. However, Plaintiff's counsel made no attempt to confirm the receipt of the Complaint on the day the statute of limitations was to run, but instead, waited until two weeks later, when the stamped-filed copy was returned by the court, and counsel realized that the Complaint had not been timely filed. The fact that FedEx admitted that it delivered the Complaint on September 3, 2009, rather than on September 2, 2009 as Plaintiff anticipated, does not relieve counsel of his well-established burden, nor would it have resulted in a different conclusion.

Plaintiff's reliance on Mr. Vasquez's statement that the state court could not confirm delivery of the Complaint absent a tracking number is similarly unpersuasive. Indeed, numerous courts have held that reasonable diligence requires a plaintiff to inquire from the court as to whether a pleading has been received. See, e.g., Luiz v. Sanjurjo, 335 N.J. Super. 279, 292 (App. Div. 2000); Leake v. Bullock, 104 N.J. Super. 309, 313 (App. Div. 1969). Here, not only does Plaintiff concede that he did nothing to confirm the court's receipt of the Complaint despite the fact that it was mailed the day before the statute of limitations was to expire, but the Court notes that had Plaintiff contacted the court to confirm receipt, he would have discovered that the court could not, in fact, confirm the delivery of the Complaint and

Plaintiff would have had time to hand-deliver or otherwise ensure the timely filing of his own pleading.  For all these reasons, the Court finds that Plaintiff's "new" evidence would not result in a different conclusion and that reconsideration is unwarranted.

In addition, Plaintiff contends that this Court committed an error of law when it failed to give proper consideration to Alderiso v. Medical Center of Orange County, Inc., 167 N.J. 191 (2001).  Specifically, Plaintiff contends that in Alderiso, a CEPA complaint was filed one day after the expiration of the statute of limitations and the New Jersey Supreme Court allowed the plaintiff's CEPA claim to proceed.  Thus, Plaintiff argues, this Court should have similarly permitted him to proceed with his CEPA claim. The Court does not agree.

Initially, the Court notes that Plaintiff's reliance on Alderiso is inapposite.  In Alderiso, the New Jersey Supreme Court held that although plaintiff filed her complaint one year and one day after being terminated, plaintiff's view that her CEPA action accrued on the first day of her unemployment – as opposed to the date of discharge – was a plausible, though incorrect, interpretation of the law.  167 N.J. at 204.  Thus, in Alderiso, the Court held that while plaintiff's CEPA claim would be permitted to proceed, "[f]or actions filed after the date of this opinion, the applicable accrual date shall be the employee's date of discharge." Id.  In other words, the Alderiso Court announced a new rule on a question of law that was previously unsettled and refused to retroactively apply that new rule to plaintiff.

Unlike Alderiso, Avila knew that his CEPA claim accrued on September 2, 2008, i.e., the date of his termination.  Opinion at n.2.  Indeed, in this matter, there has never been a question of law or fact concerning the date of accrual of Plaintiff's CEPA claim.  For these reasons, the Court finds that Plaintiff has failed to demonstrate an error of law that would result

in manifest injustice.


III. CONCLUSION

       For the foregoing reasons, Plaintiff's Motion for Reconsideration pursuant to L. Civ. R. 7.1(i) is denied.


Dated: January 14, 2011                                                s/ Freda L. Wolfson
                                                                               Honorable Freda L. Wolfson
                                                                               United States District Judge